## POLAROID CORPORATION

v.

## A. WATT & SONS, INC. and Douglas G. Watt.

## Carolyn F. BRASSIL, Tax Collector for the City of Providence

v.

## Douglas G. WATT d/b/a A. Watt & Sons, Inc.

Nos. 97–223–Appeal, 97–224–Appeal.

Supreme Court of Rhode Island.

April 30, 1998.

Samuel M. Fleisig, Providence.

Albert B. Watt, Cranston.

### ORDER

These consolidated cases came before the court at a session in conference pursuant to Rule 12A(3)(b) of the Rules of Appellate Procedure for a determination as to whether the issues on appeal should be decided without oral argument. We have determined that no further briefing or argument is necessary, and therefore the cases will be decided at this time.

In each case, the defendant, Douglas G. Watt, appeals from an order denying his motion to vacate the levy of a writ of execution on certain real property owned by the defendant and his wife as tenants by the entirety. In the first case, the plaintiff, Polaroid Corporation, obtained a judgment against the defendant for $106,639.71. A writ of execution was subsequently issued, and the plaintiff recorded the execution in the land evidence records of the town in which the real property was located. In the second case, the plaintiff, Carolyn F. Brassil, in her capacity as Tax Collector for the City of Providence, obtained a judgment against the defendant for $12,631.13. A writ of execution against the defendant's real property held by the defendant and his wife as tenants by the entirety was issued in that case, and was also recorded in the land evidence records.

The defendant moved to vacate the recording of the writs of execution on the grounds that the property was held by himself and his wife as tenants by the entirety and that such property is not subject to levy by writ of execution based on a judgment against one tenant. He also claimed that his debts were discharged in a bankruptcy proceeding. His motions were heard together by a justice of the Superior Court who ruled that the recording, or levy, of the writ of execution was the functional equivalent to a lien or prejudgment attachment. He recognized that no judicial sale of the property could be held because of the defendant's wife ownership interest. He concluded, nevertheless, that although the tenancy by the entirety would prevent a forced judicial sale, it would not bar the recording of the writs of execution. The justice also determined that there was no evidence in the record to show that either debt had been discharged in bankruptcy.

On appeal, the defendant renews his argument that it is improper to levy against real property held by tenants by the entirety to satisfy a debt by one spouse. We conclude that the defendant is wrong on this point, and we agree with the reasoning of the motion justice.

It is true that a creditor cannot force the sale of real property held in a tenancy by the entirety to satisfy the debt of one spouse. *Bloomfield v. Brown*, 67 R.I. 452, 25 A.2d 354 (1942). However, there is a distinction between the levy and the sale of real property pursuant to an execution. Chapters 25 through 28 of Title 9 of the General Laws govern execution on judgments. Section 9–26–14 provides that whenever an execution is to be levied upon real estate, a copy of the execution must be filed with city or town clerk or the recorder of deeds in the city or

town where the real estate is located. Section 9–26–15 provides that such filing of the execution "shall constitute and be deemed a good and sufficient levy upon the real estate or any interest therein * * *."

In *Knibb v. Security Insurance Company*, 121 R.I. 406, 399 A.2d 1214 (1979), we drew a distinction between the levy and the sale of real property pursuant to an execution. The defendant in *Knibb* had levied upon real property owned jointly by a debtor and his wife, but the debtor spouse died before the property was sold. In a response to a certified question from the United States District Court, we declared that the surviving spouse became the sole owner of the property by virtue of her right of survivorship, and that the mere levy of the execution did not sever the joint tenancy. We noted that "[a]t the time of the levy of the execution, defendant had a mere lien upon the property, which only had the potential of ripening into title following a judicial sale." *Knibb*, 121 R.I. at 411–12, 399 A.2d at 1217.

In addition, § 9–26–33 further supports the view that a levy is tantamount to a lien, and can exist separate and apart from the right to force a judicial sale. It provides that most levies against real property will "be deemed discharged of record and no longer a lien upon the real estate ..." after twenty years from the date of judgment. It is also noteworthy that this section exempts levies against real estate held by the entirety from the twenty-year expiration period. Because a levy on one spouse's interest in real property held by the entirety cannot be acted upon by forced sale, the levy—or lien—may continue beyond twenty years.

For these reasons, we conclude that the motion justice ruled properly in denying the defendant's motion to vacate the recording of the execution. Accordingly, we deny and dismiss the appeal, and we affirm the order of the Superior Court to which we remand the papers.